## Case No. 16,970.

VIRGINIA v. TURNER.

[1 Cranch, C. C. 261.] [1]

Circuit Court, District of Columbia. Nov. Term, 1805.

PAYMENT—NONNEGOTIABLE ORDER.

An order payable out of a particular fund, and not negotiable, is not payment of a preceding debt.

Debt on official bond as town-sergeant; breach, non-payment of fees put into his hands to collect for Bedinger; general replication and issue.

[1] [Reported by Hon. William Cranch, Chief Judge.]

A copy of a list of fees, dated 5 May, 1800, with Turner's acknowledgment, was produced. At the bottom of the list was the following order:

"Sir:—Pay Mr. Russel, out of the sale of negroes, fifty dollars, and return Groverman's note. Charles Turner. 26th December, 1801. Wm. Turner."

Mr. Youngs, for defendant, prayed the court to instruct the jury, that if they should be of opinion, from the evidence, that Russel was the authorized agent of Bedinger, and that William Turner was the deputy-sergeant under Charles Turner, and that the order had remained in the hands of Russel, from its date to this day, then the order was a payment, unless the plaintiff can show that he has used due diligence to get the money from William Turner, and failed.

---

## Case No. 16,971.

VIRGINIA v. TURNER.

[1 Cranch, C. C. 286.] [1]

Circuit Court, District of Columbia. March Term, 1806.

SHERIFFS—LIABILITY OF SURETIES.

The sureties of a sheriff in Virginia are not liable for officers' fees, unless the account of the same shall have been delivered to the sheriff for collection before the first of March, according to the act of assembly of December 19, 1792, p. 219, § 11.

Debt on sheriff's bond; plea, conditions performed; replication, that on the 5th of May, 1800, one Bedinger, clerk of Berkley county, put into Turner's hands, to be collected and accounted for according to law, tickets of fees due to Bedinger as clerk amounting to $175 and 32 cents, for which fees Turner was bound to have accounted before the first of September ensuing, and to have paid over to Bedinger, which he did not do. To this replication there was a general rejoinder and issue, and verdict for the plaintiff.

FITZHUGH, Circuit Judge. By Laws Va. p. 217, § 7, no fees are payable until there shall be produced to the person chargeable, an account in writing, &c.; by section 11, the clerks shall annually, before the first of

[1] [Reported by Hon. William Cranch, Chief Judge.]

March, deliver to the sheriff their accounts of fees, &c.; by section 12, the sheriff is to receive such accounts and collect, &c., from the persons chargeable, and if such persons, after the said fees shall be demanded, shall refuse or delay to pay till after April 10th, in every year, the sheriff may distrain; by section 13, the sheriffs shall, "on or before the last of May" (afterwards 1st September) "annually, account with the clerks for fees put into their hands to collect pursuant to this act."

The law then obliges the sheriff to account, on or before 1st September, for fees put into his hands before 1st March, but these fees were not put in before the 1st March. Therefore, by that law, he was not bound to collect or account for them before the 1st September, the not doing which, is the breach assigned. The replication, indeed, charges that he never accounted, but the condition of the bond is, that he shall account at such times as are limited by law; if no time is limited, there can be no breach of that part of the condition. The fees not being put into his hands before 1st March, he was not bound to receive the list, or if he did, he was not bound (because he had no power) to collect. If collected, it was by him as a private person, and not in his official character; and if, after collecting, he had refused to pay, it was no breach of his official duty so as to charge his sureties. The replication, therefore, does not assign a breach of the condition of the bond; the issue was immaterial, and the judgment must be arrested.

[See Cases Nos. 16,970 and 16,972.]